DOMENIC MARINO, APPELLANT, v. EDWARD J. WALD, TRADING AS YE OLDE HACKENSACK HOUSE, RESPONDENT.

Argued October 16, 1946—Decided January 17, 1947.

For the appellant, *Nicholas Martini* and *Isadore Rabinowilz*.

For the defendant, *Ward & Levinthal* (*Maurice Levinthal*).

The opinion of the court was delivered by

BODINE, J. The appeal in this case is from a judgment entered upon a motion to strike the complaint. The basis of the action taken was because the appellant has split his cause of action into two claims upon one of which he had already maintained an action to final judgment in the District Court prior to the institution of the present suit.

The plaintiff started to work for the defendant at a weekly wage sometime in 1933. During the course of his employment his wages were increased. He alleges an agreement for payment in addition to his regular wages for overtime work and the present action sought to recover for overtime work for the period beginning six years before the institution of the suit, or from June 25th, 1939, to February 12th, 1944, when the employment ended.

The complaint states a suit was brought for the recovery for overtime work from March 14th, 1943, to September 14th, 1943, and judgment was entered in that action. We think the court ruling was proper.

The contract of employment was entire and indivisible. Having elected to subdivide it into several claims, and having prosecuted one of those claims to judgment, plaintiff is not at liberty to bring this suit. See *Silber* v. *James Drug Stores, Inc.*, 124 *N. J. L.* 401; *F. W. Woolworth & Co.* v. *Zimmerman*, 13 *N. J. Mis. R.* 505.

The appellant was in the same position as one who may have been entitled to overtime payments during the entire period, but having elected to bring his action for the installments due for the period from March 14th, 1943, to September 14th, 1943, he is precluded from bringing an action for other installments.

This is not an action for two distinct services as in *Faherty* v. *Branegan*, 112 *N. J. L.* 134, nor do the facts fall within the rule laid down in *Schwartz Bros., &c.,* v. *International,*

&c., 478, 126 *Id.* 379, where there were distinct causes of action. This was a suit for a part of one indivisible demand and having elected to sue for part, the appellant is barred from suing for another part.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.